STATE of Missouri, Respondent,

v.

James BOWLER, Appellant.

No. 64475.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 20, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 25, 1995.

Application to Transfer Denied
March 21, 1995.

Henry B. Robertson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, James Bowler, appeals from the judgment of his convictions, pursuant to jury verdicts, for rape and sodomy. He was sentenced to consecutive terms of imprisonment of 40 years and 35 years, respectively. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdicts, the evidence established that in October 1991, defendant lived with a woman and her 12 year old daughter, A.G. (victim). On October 5 or 6, defendant entered the victim's room and sodomized her as she lay on her bed. He then carried her to the kitchen, where he raped her on the floor. The victim did not report the incidents to anyone at the time of their occurrence.

Late in the evening of October 12 or early in the morning of October 13, 1991, defendant and the victim were watching television. Defendant called the victim over to him and asked her to lower her underwear and pull up her nightgown. She refused and he threatened to beat her with a belt. When

defendant left the room, the victim ran out the front door. At about 2:00 a.m., a neighbor, who resided about one-half mile from the victim's home, discovered her hiding under a car parked in his driveway. The victim was wearing only a nightgown and socks. When he asked her what she was doing there, the victim responded that defendant tried to have sex with her and was looking for her.

The police took the victim to the hospital emergency room. There, she told a nurse about the above-described incidents and was examined by a physician. Two days later, a pediatrician with expertise in child sexual abuse examined her. Both physicians found physical indications which were consistent with the victim's account of the incidents.

Defendant's defense was alibi. He alleged that he, the victim, and the victim's mother were not at home on the evening of October 5 and did not return until about 7 a.m. the morning of October 6. He contended that the victim fabricated the allegations against him because she did not like him and did not want to live with him and her mother. He also claimed that due to certain physical disabilities, he was incapable of performing the acts as described by the victim.

The jury found defendant guilty of sodomy and rape. The court entered judgment in accordance with the jury verdicts and sentenced him to a term of imprisonment of 40 years on the rape charge and a consecutive term of 35 years on the sodomy charge.

In his first point, defendant contends the trial court erred in denying his request for a mistrial when the State cross-examined him regarding his post-arrest silence, because such conduct constituted an impermissible comment on his constitutional right to remain silent. When the police officer arrested him and gave the *Miranda* warnings, defendant stated, "I did not do anything like that and I want a lawyer." He did not volunteer to the police that he, the victim, and the victim's mother were out together on the night the incidents allegedly occurred. At trial, the State asked defendant, "But you didn't tell [the police officer] I wasn't even here that night, you didn't tell him about that?" In accordance with defense counsel's

request, the trial court instructed the jury to disregard the State's comment and ordered it stricken from the record. The trial court, however, denied defendant's motion for mistrial.

■ The granting of a mistrial is a drastic remedy and the trial court should declare one only in the most extraordinary of circumstances. *State v. Sidebottom*, 753 S.W.2d 915, 919–920 (Mo. banc 1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). Because the trial court is in a better position to evaluate the prejudicial effects of the challenged behavior, our review is limited to whether, as a matter of law, the trial court abused its discretion in refusing to grant a mistrial. *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied*, 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

■ Clearly, the silence of a defendant while under arrest is not admissible against him. *State v. Mabie*, 770 S.W.2d 331, 334 (Mo.App.1989). A defendant's constitutional right to be free from self-incrimination encompasses not only the prerogative to remain silent but also the guarantee that such silence will not be used to prove guilt. *Id.* If, however, a defendant answers a question or makes a statement while in custody, the right to remain silent and to not have the State comment on that silence is waived as to the subject matter of those statements. *State v. Klaus*, 730 S.W.2d 571, 579 (Mo.App.1987).

■ Here, defendant did not remain silent at the time of his arrest. He made an oral statement that he did not do the alleged acts. He did not volunteer the alibi he proffered at trial; namely, that he and the victim were away from the home for the entire evening of October 5 until about 7:00 a.m. the morning of October 6. Because defendant gave one exculpatory statement to police at the time of his arrest and another explanation at trial, it was proper for the State to question him regarding his failure to offer identical stories on both occasions. The trial court did not abuse its discretion in failing to grant a mistrial. Defendant's first point is denied.

■ In his second point, defendant contends the trial court erred in permitting the

pediatrician who examined the victim two days after she was seen in the emergency room to testify on redirect examination that it was not unusual for a victim of sexual abuse to delay in reporting the incident. Defendant argues that the testimony was improper redirect and served to bolster the victim's credibility.

■ The trial court is vested with broad discretion in controlling the scope of redirect examination and the appellate court should reverse only upon a showing of the court's abuse of that discretion. *State v. Claypool*, 763 S.W.2d 313, 315 (Mo.App.1988). On redirect, it is proper to examine a witness on any matter which tends to refute, weaken, or remove unfavorable inferences resulting from testimony on cross-examination, notwithstanding the prejudicial nature of the facts elicited. *State v. Lingar*, 726 S.W.2d 728, 734 (Mo. banc 1987), cert. denied, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987).

On cross-examination, defense counsel adduced testimony from the pediatrician, who was specially trained in cases of rape trauma and sexual abuse, that he was unable to determine from the physical examination of the victim exactly when vaginal penetration occurred. The pediatrician testified that based on the injuries to the victim, penetration could have occurred as much as one month prior to the examination. The pediatrician also said that no evidence was collected during the physical examination because of the lapse in time between the examination and the incidents. The pediatrician's testimony was unfavorable to the State's case, in that it raised the issue of the victim's failure to report the incidents immediately and thus called into question her credibility about whether the incidents actually occurred. Given the nature of the pediatrician's testimony on cross-examination, the State was entitled to question him on redirect about whether the victim's delay in reporting the incidents was typical of the behavior of victims of sexual abuse.

■ This result is consistent with this court's decision in *State v. Williams*, 858 S.W.2d 796 (Mo.App.E.D.1993). In that case, this court reversed the defendant's conviction of sodomy because the trial court

permitted a physician with expertise in child sexual abuse not only to testify that sexually abused children generally do not lie but also to directly comment on the victim's credibility. *Id.* at 798. In *Williams*, this court distinguished between two types of expert testimony in child sexual abuse cases: "1) general testimony describing behaviors and other characteristics commonly observed in sexually abused victims (often called general 'profile' testimony); and 2) particularized testimony concerning the alleged victim's credibility." *Id.* 798–799. General profile evidence of child sexual abuse victims can be a proper topic of expert testimony, because such testimony assists the jury in understanding the behavior of sexually abused children, a subject beyond the range of knowledge of the ordinary juror. *Id.* at 799. An expert, however, is not permitted to proffer opinion testimony concerning the credibility of a particular witness or of similarly situated witnesses, because such testimony is an invasion of the jury's province to make credibility determinations. *Id.* at 799–800. In this case, the testimony of the pediatrician was in the nature of general profile testimony, in that he testified that the victim's behavior was consistent with a stressful sexual experience. The pediatrician's testimony was not a direct comment on the veracity of the victim. The trial court properly admitted the pediatrician's testimony. Defendant's second point is denied.

In his third point, defendant contends the trial court erred in permitting the neighbor who discovered the victim in his driveway and the nurse who treated the victim in the emergency room to testify as to statements the victim made to them. With regard to the neighbor, the State elicited the following testimony from him:

[Neighbor]: I got a pretty large dog that I leave him out in the yard and he was going off pretty wild and I went out to see what he was going off on and that's whenever I realize that she was crawling out from underneath my car in the driveway.

[Prosecutor]: And then what did you do?

[Neighbor]: I asked her what the hell she was doing out in my driveway.

[Prosecutor]: What did she say?

\* \* \* \* \* \*

[Neighbor]: [S]he was very upset and she had stated that her mom's boyfriend was looking for her ... driving around on the streets looking for her.

[Prosecutor]: Did she say anything what was done to her, what he was trying to do to her?

\* \* \* \* \* \*

[Neighbor]: She stated that he just tried to make a move on her.

[Prosecutor]: Say the word?

[Neighbor]: That he tried to have sex with her, I guess.

■ The neighbor's statement was admissible under the excited utterance exception to the hearsay rule. The rationale for this exception is that where the statement is made under the immediate and uncontrolled domination of the senses as a result of the shock produced by the event, the utterance may be taken as the true belief of the declarant. *State v. Boyd,* 669 S.W.2d 232, 234 (Mo.App.1984). The test for the admissibility of an excited utterance is not the time or the place of the utterance, but rather the circumstances surrounding the utterance indicating its trustworthiness. *State v. Milner,* 795 S.W.2d 621, 623 (Mo.App.1990). If the excitement persists, a declaration may fall within the excited utterance exception even though the statement is made several minutes after the startling event. *Id.*

Here, the victim, who was 12 years of age, experienced a startling event just before the neighbor discovered her. She ran away from her home because defendant indicated that he was going to sexually abuse her. Based upon her experience the prior weekend, she knew defendant was capable of the threatened sexual abuse. The neighbor discovered her during the early morning hours, hiding under an automobile in an attempt to evade defendant whom she thought was pursuing her. The night was cold and she was clad only in a nightgown and socks. The victim was under a great deal of stress when the neighbor confronted her and asked her what she was doing there. It is immaterial that

her statement was made in response to the neighbor's question, because that fact does not detract from the excited nature of the statement. *See Boyd,* 669 S.W.2d at 234. The circumstances surrounding the victim's utterance indicate that she was still under the influence of an unusual event and was in an agitated state of mind. The victim's statement was sufficiently reliable and spontaneous to be admissible.

■ Defendant also challenges the admission of following testimony of the emergency room nurse:

[Prosecutor]: What did [the victim] tell you?

[Nurse]: She said ... that she was at home with this man. He told her to lift up her nightgown and to pull down her underwear and then he went to the bathroom and she ran out of the house ... and hid from him under a car so he wouldn't find her and that's when the police found her and brought her in. So, it is my duty at that time to see if she has been physically, sexually or mentally abused at that time so I know what kind of care to give her....

\* \* \* \* \* \*

[Prosecutor]: You may proceed.

[Nurse]: She said at that time that she had not been sexually abused that night. She was afraid, she needed to escape him and she ran away. She stated she had been abused the week before and knew what it was and that he had put his penis in her the week before and she didn't want it and she wanted to run away and that's what she told me at that point.

Assuming, without deciding, the nurse's testimony was hearsay, defendant was not prejudiced thereby. The victim was present at trial and testified, providing the same details of the incidents as the nurse described. *See State v. Robinson,* 484 S.W.2d 186, 189 (Mo.1972). Defendant's third point is denied.

In his fourth point, defendant claims the trial court erred in permitting several incidents of prosecutorial misconduct to occur and in not granting further relief when the misconduct happened. He argues that by so doing, the court denied him a fair trial. We

have reviewed this point and find that no jurisprudential purpose would be served by a written opinion. Defendant's final point is denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.