Catherine FANTASMA, et al., Appellants,

v.

KANSAS CITY, MO., BOARD OF POLICE COMMISSIONERS, et al., Respondents.

No. WD 51666.

Missouri Court of Appeals, Western District.

Jan. 16, 1996.

Karl Heinz Timmerman, Grandview, for appellants.

Dale H. Close, Kansas City, for respondents.

Before FENNER, C.J., P.J., BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Appellants, Catherine Fantasma and her two minor daughters, appeal from the trial court's order dismissing their claim against respondents, the individual members of the Kansas City Board of Police Commissioners.[1] We affirm.

In September, 1991, the Italian Festival, a celebration of Columbus Day and the Italian–American culture, was held in Kansas City. The Festival Committee ("Committee") entered into a "Concession and Use Agreement" with the City of Kansas City ("City"). This agreement provided that the festival would be held in a city park if the Committee met certain conditions.

Among these conditions was a requirement that the Committee provide security for the festival. As part of this security, the City required the Committee to hire off-duty police officers. Additionally, the agreement required that the Committee purchase liability insurance in the amount of at least one million dollars. The Committee met those conditions.

The Committee employed Claudio Fantasma, Jr., the decedent, to serve as Security Director for the festival. On the night of September 27, 1991, the decedent was working with several off-duty police officers to close down the festival grounds. After hearing several gunshots, the officers decided to investigate the problem, and the decedent suggested that he accompany them. The group then left the festival grounds, heading in the direction of the gunfire. Shortly thereafter, an individual fired several gunshots at them, one fatally hitting the decedent in the chest.

Appellants filed a two-count wrongful death claim against the police officers, the Kansas City Board of Police Commissioners in that name alone, and the individual members of the Board. The first count, labeled "Negligence," stated that the defendants had a duty, "individually and generally," to exercise ordinary care towards the decedent and to take steps to protect him. The defendants allegedly violated this duty by failing to take any steps to prevent the decedent from accompanying them to an "active crime scene." The second count, labeled "Negligence Per Se," asserted that the defendants breached their duty under § 84.420, RSMo 1994, and under "police guidelines and regulations," by allowing the decedent to enter an "active crime scene" and by failing to take steps to protect him once he had entered the area.

The Board filed a motion to dismiss on the basis that no action may lie against the Board to the extent that it is named as an individual defendant. Respondents also filed a motion to dismiss, alleging that they were protected by sovereign immunity. On January 3, 1995, the trial court sustained both motions. Appellants do not challenge the court's ruling as to the Board named as an individual defendant.

Appellants initially filed an appeal with the Supreme Court of Missouri on the basis that the appeal involved an interpretation of the Missouri Constitution. The Court rejected appellants' jurisdictional argument and transferred the case to this court.

■ In reviewing a motion to dismiss, all facts alleged in the petition are deemed true and the plaintiff is afforded the benefit of every reasonable inference. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). Mere conclusions of the pleader not supported by factual allegations are disregarded. *Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 22 (Mo. banc 1983). If the facts and the reasonable inferences therefrom establish any ground for relief, the petition should not be dismissed. *J.S. DeWeese Co. v. Hughes–Treitler Mfg. Corp.*, 881 S.W.2d 638, 642 (Mo. App.1994).

Appellants contend in their first point that the trial court erred in dismissing their claim because respondents are not protected by

---

1. Appellants named the individuals comprising the Board as defendants in their official capacity. By doing so, appellants did not seek to hold respondents individually liable, but rather used the only available method to properly bring the Board, as an entity, before the court. *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo.App.1983).

sovereign immunity and the statutes purporting to provide them with such immunity are unconstitutional and conflict with § 84.420. In their second point, appellants assert that the trial court erred in dismissing their claim because § 84.420 creates an exception to sovereign immunity uniquely applicable to the Board. Because appellants present the same arguments in both points, we consider them together.

■■■ Section 537.600, RSMo 1994, provides that the doctrine of sovereign immunity remains the general rule in Missouri protecting public entities from liability for negligent acts. *State ex rel. Cass Medical Center v. Mason,* 796 S.W.2d 621, 622 (Mo. banc 1990). Section 537.600.1 provides an absolute waiver of this immunity for injuries resulting from the operation of motor vehicles and the condition of an entity's property. Additionally, under § 537.610, RSMo 1994, when a public entity purchases liability insurance for tort claims, sovereign immunity is waived to the extent of and for the specific purposes of the insurance purchased. *State ex rel. Board of Trustees v. Russell,* 843 S.W.2d 353, 360 (Mo. banc 1992). Any waiver of sovereign immunity is to be construed narrowly. *Spotts v. Kansas City,* 728 S.W.2d 242, 246 (Mo.App. 1987).

■■■ We need only briefly address appellants' assertion that the statutes providing sovereign immunity are unconstitutional. A statute is presumed constitutional and must not be held otherwise unless "clearly and undoubtedly" contravening the Constitution. *Winston v. Reorganized School Dist.,* 636 S.W.2d 324, 327 (Mo. banc 1982). Appellants provide us with no authority to overcome the presumptive validity of these statutes. Accordingly, we find that §§ 537.600 and 537.610 are constitutional.

■■■ As to the applicability of these provisions, we find that respondents are protected by sovereign immunity because the Kansas City Board of Police Commissioners governs the Kansas City police force under §§ 84.350–.860, RSMo 1994, and sovereign immunity attaches to the operation and maintenance of a police force. *Best,* 652 S.W.2d at 742. The only question is whether respondents' sovereign immunity protection was waived. Neither the automobile nor the property exceptions of § 537.600.1 apply to the factual situation presented. However, appellants argue that respondents waived their immunity under § 537.610 by "purchasing" liability insurance. In their petition, appellants alleged that the Festival Committee purchased liability insurance, as required by the City in the "Concession and Use Agreement." Nowhere did appellants allege that respondents purchased any liability insurance.

■■■ Appellants contend, without authority, that the fact that the City required the Committee to purchase the insurance is sufficient to establish that respondents purchased liability insurance within the meaning of § 537.610. However, even assuming that the City "purchased" liability insurance within the meaning of § 537.610 does not establish that respondents purchased insurance because the City and respondents are separate entities. *Spotts,* 728 S.W.2d at 247. The Board is not a municipality, but rather a legal subdivision of the state. *Id.* Because they are separate entities and appellants have given us no authority for their tenuous position, we are not persuaded by appellants' arguments and find that respondents did not purchase liability insurance within the meaning of § 537.610.

■■■ Appellants also argue that respondents are not protected by sovereign immunity because §§ 537.600 and 537.610 conflict with § 84.420. Section 84.420.1 lists the duties and responsibilities of the Board, including the duties to preserve the public peace, prevent crime and arrest offenders, protect the rights of persons and property, and guard the public health. Section 84.420.2(9) authorizes the Board to:

> [P]rovide and contract for liability insurance coverage for officers and employees of the police department, insuring liabilities incurred during the performance of duty and in the scope of employment for the police department.

Appellants assert that the enumeration of duties and responsibilities under § 84.420.1, coupled with the provision for liability insur-

ance under § 84.420.2, creates a waiver of sovereign immunity distinct from the waiver provisions provided in §§ 537.600 and 537.610. According to appellants, because § 84.420 recognizes eleven instances in which immunity may be waived, while § 537.600 only provides two, the two statutes "are clearly inconsistent." Appellants' construction of § 84.420 is misguided.

Section 84.420 is an enabling statute conferring broad powers upon the Kansas City Board of Commissioners. *Curtis v. Board of Police Comm'rs,* 841 S.W.2d 259, 262 (Mo. App.1992). This enabling provision creates duties that the Board owes to the general public and not to particular individuals, so it does not provide appellant with a private cause of action. *See Jackson v. Wentzville,* 844 S.W.2d 585, 586–87 (Mo.App.1993). Section 84.420(9) simply authorizes the Board to purchase liability insurance for police officers and employees of the police department. Appellants fail to demonstrate how this conflicts with § 537.610. At most, § 84.420(9) merely confers upon the Board the power to purchase liability insurance which could waive, pursuant to § 537.610, sovereign immunity to the extent of and for the purposes provided in the policy. Similarly, there is no conflict with § 537.600, which creates two exceptions to sovereign immunity, regardless of whether the public entity is protected by liability insurance.

Points I and II are denied.[2]

In their third point, appellants contend that the trial court erred in "overturning" its order of October 19, 1994, which denied respondents' motion to dismiss, in its January 3, 1995 order dismissing appellants' claim without allowing them to complete discovery and/or amend their petition.

Initially, we note that the court's order of January 3, 1995, did not "overturn" its earlier ruling. On October 19, 1994, the trial court only considered the motion to dismiss filed by the Board as a separate entity. The court granted the Board's motion to dismiss

without ruling on respondents' separate motion to dismiss. The order of January 3, 1995, which sustained respondent's separate motion to dismiss was the first time that the court ever considered respondent's motion.

Appellants cite nothing to support their proposition that the trial court must provide a "warning" before dismissing an action for failure to state a claim upon which relief can be granted. The issue of dismissal was properly before the court on January 3, 1995, through respondents' motion to dismiss and appellants' motion in opposition.

As to appellants' contention they were not permitted time to complete discovery and/or amend their petition, nothing in the record reflects that appellants sought leave of the trial court to amend their petition, nor does the record demonstrate that appellants requested any additional discovery. The trial court is not required to *sua sponte* grant leave to a party to amend a deficient petition. *Schauer v. Gundaker Movits Real Estate Co.,* 813 S.W.2d 112, 116 (Mo.App.1991). In fact, if a party fails to request leave of the court to amend his petition, "the court may assume he 'has made the strongest presentation of his case which the facts permit and was satisfied with his pleading.'" *Id.,* quoting *Conroy v. Solon Gershman, Inc.,* 767 S.W.2d 381, 383–84 (Mo.App. 1989). Likewise, when a party does not make a request for discovery, the trial court will not be convicted of error for failing to allow the parties an opportunity for additional discovery. *Dillard v. Shaughnessy, Fickel & Scott Architects,* 864 S.W.2d 368, 372 (Mo. App.1993).

Point III is denied.

Appellants contend in Point IV that the trial court erred in dismissing their claim against respondents because their "petition states facts upon which relief may be granted." Appellants do not provide us with any specificity for this contention. The mere allegation that a cause of action states a claim

2. In the argument section following their second point, appellants alleged that they may have been able to show, through further discovery, that respondents "provided for liability insurance by having the City contract for it," but they were

denied the opportunity to pursue discovery. Because this allegation was not included in appellants' point relied on, it was not preserved for review. *Mashburn v. Tri–State Motor Transit Co.,* 841 S.W.2d 249, 252 (Mo.App.1992).

upon which relief could be granted presents nothing for appellate review. *Berkowski v. St. Louis County Bd. of Election Comm'rs*, 854 S.W.2d 819, 823 (Mo.App.1993).

Point IV is denied and the trial court's order dismissing appellants' claim against respondents is affirmed.

All concur.