STATE of Missouri, Plaintiff–
Respondent,

v.

Willis Rex DAVIDSON, Defendant–
Appellant.

No. 21378.

Missouri Court of Appeals,
Southern District,
Division One.

June 13, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Following a jury trial, Willis Rex Davidson (Defendant) was convicted of the class D felony of escaping from confinement, in viola-

tion of § 575.210, RSMo Supp.1995, and sentenced as a prior offender to ten years' imprisonment.

Defendant was being held in the Ozark County Jail on a charge of first-degree murder. On April 30, 1996, Defendant left his cell after discovering that it was unlocked. He then climbed through an open window in the booking room of the second floor sheriff's office, and jumped over twenty feet to the ground. Defendant, who had fractured an ankle and two vertebrae in the jump, was apprehended three blocks from the jail after a resident reported that a person matching his description was on his front porch.

In his sole point on this appeal, Defendant contends that the trial court erred in permitting the prosecutor to inquire about matters in his redirect examination of the arresting officer which were beyond the scope of Defendant's cross-examination of that witness. In support, he argues that the state was improperly permitted, on redirect of the officer, to inquire about the type of clothing worn by Defendant when he was apprehended, although that subject was not referred to in the Defendant's cross-examination of the witness.

Officer Winslow, the arresting officer, testified on direct examination about his apprehension of Defendant, including comments made by Defendant and his apparent physical injuries. On cross-examination of Officer Winslow, Defendant established that Defendant told him that he discovered that his cell door was unlocked when he shook it in an effort to get the dispatcher's attention, and that the window from which he jumped was also unlocked and open. At the conclusion of the cross-examination, the following colloquy occurred:

THE COURT: Redirect?

[PROSECUTOR]: Yes, Judge. I forgot to ask one series of questions on direct and I would like to proceed in direct with the witness, Judge.

[DEFENSE ATTORNEY]: Well, Judge, I would object to going into anything that wasn't covered on cross.

[THE COURT]: What area do you want him to cover?

[PROSECUTOR]: I want him to tell the jury how the defendant was dressed.

[DEFENSE ATTORNEY]: Judge, I don't think—I think it's too late to go into that at this point.

[THE COURT]: All right. Well, the jury should know, you know. We want to prot⌐ct everyone's rights, but the jury should know as much about the facts as possible so that they can make an informed and intelligent decision. I will allow the state to reopen the case on direct and you, of course, will be allowed to reopen on cross examination. Objection noted and overruled.

Officer Winslow proceeded to testify on redirect examination that Defendant was dressed in street clothes like a "regular citizen" including jeans, a shirt, and jacket, when he was arrested three blocks from the jail.[1] Defendant's counsel then cross-examined the witness on those matters. Defendant argues, however, that permitting redirect on that subject was an abuse of discretion which was prejudicial to him because it showed an intent to escape.

■ The trial court has considerable discretion in determining the extent of redirect examination and will be reversed on appeal only upon a showing of both abuse of discretion and prejudice to the defendant. *State v. McWhorter*, 836 S.W.2d 506, 508 (Mo.App. W.D.1992); *State v. Westrich*, 800 S.W.2d 78, 81 (Mo.App. E.D.1990). "It is well established that on redirect examination, it is proper to examine a witness on any matter which tends to refute, weaken or remove unfavorable inferences resulting from testimony on cross-examination, notwithstanding that the facts elicited may be prejudicial to the defendant." *State v. Lingar*, 726 S.W.2d 728, 734 (Mo. banc), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157

---

1. There was evidence that jail inmates were required to wear jail uniforms consisting of orange jumpsuits or two-piece uniforms.

(1987); *see also State v. Moore*, 744 S.W.2d 479, 481 (Mo.App. S.D.1988); *State v. Bowler*, 892 S.W.2d 717, 720 (Mo.App. E.D.1994). The fact that a defendant was permitted to cross-examine the witness on matters raised on redirect may also be considered. *See State v. Remspecher*, 542 S.W.2d 24, 25 (Mo. App. E.D.1976).

▆ Based upon Defendant's opening statement, which was later confirmed by his closing argument, he introduced the evidence that the jail cell and window were unlocked in an effort to demonstrate that he never intended to escape from jail. By establishing on redirect that when captured Defendant was dressed in street clothes instead of his orange jail jumpsuit, the State attempted to "refute, weaken or remove" Defendant's attempt to create the inference that he had not had the intent to escape. We are unable to conclude that the trial court abused its discretion in allowing the State to question the officer as it did on redirect.

▆ In addition, Defendant suffered no prejudice as a result of the State's redirect examination of Officer Winslow. Even assuming *arguendo* that the trial court erred in permitting the redirect of the officer, "[t]he presumption of prejudice from the erroneous admission of evidence may be overcome where the evidence of guilt is so overwhelming as to eliminate any reasonable doubt that the defendant would have been found guilty even without the erroneously admitted evidence." *State v. Troupe*, 863 S.W.2d 633, 636 (Mo.App. E.D.1993). In applying such a standard, however, we are mindful that "[e]rror in the admission of evidence will be declared not prejudicial only if we can declare a belief that it was harmless beyond a reasonable doubt." *State v. Conley*, 938 S.W.2d 614, 620 (Mo.App. E.D.1997).

▆ Section 575.210.1, RSMo Supp.1995, provides that "[a] person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, ... he escapes or attempts to escape from confinement." Al-

though Defendant alleges that an unfettered avenue of flight somehow demonstrates a lack of intent to escape on his part,[2] we fail to see how a person jumping over twenty feet to the ground from a sheriff's office window and then fleeing on foot for three blocks with a broken ankle and two fractured vertebrae was not intending to escape confinement. The evidence of his guilt, without reference to the clothing he was wearing when arrested, was overwhelming.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.

---

2. Intent to escape is an element of the offense with which Defendant was charged. *See* MAI-

CR 3d 329.74.