Southern Rebecca CASEY, Appellant,

v.

Kap E. CHUNG, M.D., Chaiyarat Serm-
chief, M.D. And Madison Memorial
Hospital, Respondents.

No. 72884.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 9, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 30, 1998.

Case Transferred to
Supreme Court Sept. 22, 1998.

Case Retransferred to Court of
Appeals Dec. 22, 1998.

Original Opinion Reinstated
Jan. 6, 1999.

Richard L. Hughes, Mogab & Hughes,
P.C., St. Louis, for appellant.

Ronald R. McMillin, Carson & Coil, P.C.,
Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Rebecca Casey appeals from the judgment
of the Circuit Court of Madison County that
granted Defendant Madison Memorial Hospi-
tal's motion to dismiss her medical malprac-
tice claim on grounds of sovereign immunity.
We affirm.

Madison Memorial Hospital (Hospital) is a
public hospital and health care provider lo-
cated in Fredricktown, Missouri. Hospital is
the County Hospital for Madison County,
established and existing pursuant to the pro-
visions of Section 205.160, *et seq.*, RSMo
1994.

On or about November 4, 1992, Defendants
Kap E. Chung, M.D. and Chaiyarat Serm-
chief, M.D., members of the Hospital medical
staff, performed laparoscopic surgery on Ms.
Casey at Hospital to remove Ms. Casey's
gallbladder. During the surgery, Defendant
Doctors cut and destroyed Ms. Casey's he-
patic ducts, common bile duct and right he-
patic artery, causing Ms. Casey serious, per-
manent and painful injuries.

Ms. Casey filed an Amended Petition
against Defendant Doctors and Hospital on
October 27, 1994, alleging that Hospital was
negligent and careless for allowing Defen-
dant Doctors to perform the laparoscopic
surgery without proper training.[1]  Ms. Ca-

---

1. Ms. Casey has since resolved her claims against
Defendant Doctors and they are no longer a
party to this suit.

sey's petition states that Hospital owned an insurance policy providing Hospital with liability insurance coverage in an amount of at least $100,000. Therefore, she alleges, Hospital waived its sovereign immunity and is subject to suit for negligence in an amount up to $100,000 under the provisions of Section 537.610 RSMo 1994.[2]

On November 23, 1994, Hospital filed a motion to dismiss based on sovereign immunity. Hospital also filed a supporting affidavit, regarding an "updated endorsement" to the insurance policy that was "in effect at all relevant times." In the affidavit, Hospital stated that said endorsement "modifies the insurance provided." The endorsement provided that the insurance coverage "does not apply to any claim or suit which is barred by the doctrine of sovereign immunity or official immunity." The most relevant portion of the policy itself stated as follows:

Section 1–Coverage O, HOSPITAL PROFESSIONAL LIABILITY

Paragraph 1  – Insuring Agreement

(a) We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' to any person if such 'bodily injury' resulted from your providing, or failing to provide 'health care services or facilities' to such person.... We will have the right and duty to defend any 'suit' seeking those damages.

The policy also included an attached Endorsement, which read as follows:

Hospital Professional Liability Coverage Form/Commercial General Liability Coverage Form.

(1) This insurance does not apply to any claim or 'suit' which is barred by the doctrines of sovereign immunity or official immunity but we will have the right and duty to defend any such 'suit'. No provision of this endorsement or of the policy to which it is attached, shall constitute a waiver of our right, or the right of any insured, to assert a defense based on the doctrines of sovereign immunity or official immunity.

2. All further statutory references are to RSMo

The purpose of the endorsement is to negate any claims arising out of incidents that do not fall under the two exceptions to sovereign immunity covered by section 537.600 RSMo, namely (1) the negligent operation of motor vehicles by public employees and (2) the dangerous condition of a public entity's property.

On January 11, 1995, Judge Stan Murphy of the Circuit Court of Madison County entered judgment sustaining Hospital's motion to dismiss. The sole point Ms. Casey raises on appeal is that Hospital was not entitled to the defense of sovereign immunity because Hospital waived sovereign immunity pursuant to Section 537.610 RSMo when it purchased liability insurance that provided protection for hospital professional liability negligence.

Section 537.600  RSMo provides that the doctrine of sovereign immunity remains the general rule in Missouri protecting public entities from liability for negligent acts. *State ex rel. Cass Medical Center v. Mason,* 796 S.W.2d 621, 622 (Mo. banc 1990). Section 537.600.1 RSMo provides an absolute waiver of this immunity for injuries resulting from the operation of motor vehicles and the condition of an entity's property. Additionally, under Section 537.610 RSMo, when a public entity purchases liability insurance for tort claims sovereign immunity is waived to the extent of and for the specific purposes of the insurance purchased. *State ex rel. Board of Trustees v. Russell,* 843 S.W.2d 353, 360 (Mo. banc 1992). Section 537.610 RSMo provides, in pertinent part, that political subdivisions of the state, such as county hospitals:

"may purchase liability insurance for tort claims, made against the state or the political subdivision.... Sovereign immunity ... is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section...."

■ Thus, Hospital is protected by the doctrine of sovereign immunity for claims that do not arise out of the exceptions provid-

1994.

ed in Section 537.600.1 RSMo. Though Hospital elected to purchase insurance for tort claims arising out of hospital professional liability, the attached endorsement operates to negate the waiver of sovereign immunity that would otherwise result from such purchase.

We find *State ex rel. Cass Medical Center v. Mason*, 796 S.W.2d 621 (Mo. banc 1990), and *State ex rel. Board of Trustees of City of North Kansas City Memorial Hospital v. Russell*, 843 S.W.2d 353 (Mo. banc 1993) to be dispositive. In *Cass Medical Center*, the Supreme Court was faced with the issue of whether a government hospital would waive sovereign immunity on all claims by purchasing insurance that only covered incidents that fell under the Section 537.600 RSMo exceptions to sovereign immunity. The Court stated that "the unambiguous, circumscribed, insurance coverage of claims outside the protection of sovereign immunity created no waiver of the Center's immunity." *Id.* at 624. In making its ruling, the Court avoided the problem of government entities being "forced to choose between purchasing insurance and waiving sovereign immunity for all claims on the one hand or not purchasing insurance and being immune except for claims relating to dangerous conditions of property or the operation of motor vehicles on the other." *Id.* In *Russell*, 843 S.W.2d 353, the hospital purchased insurance with an endorsement attached that explicitly disclaimed coverage for "any claim barred by the doctrines of sovereign immunity or official immunity...." *Id.* at 360. The Supreme Court held that the hospital did not waive its sovereign immunity because "[t]he endorsement disclaiming coverage of any claim barred by the doctrine of sovereign immunity avoids any waiver of sovereign immunity in this suit." *Id.*

■ We hold that Hospital did not waive sovereign immunity when it purchased a policy of insurance that included an endorsement negating the waiver of sovereign immunity that would otherwise have oc-

curred. When the terms of a contract of insurance are found in a printed policy form and in an endorsement, those instruments must be read together. *MFA Mutual Insurance Company v. Dunlap*, 525 S.W.2d 766, 769 (Mo.App.1975).[3] If the language of the endorsement and the general provisions of the policy conflict, the endorsement will prevail. *Id.; Abco Tank & Mfg. Co. v. Federal Insurance Company*, 550 S.W.2d 193, 198 (Mo. banc 1977). Any waiver of sovereign immunity is to be construed narrowly. *Brennan v. Curators of the University of Missouri*, 942 S.W.2d 432, 434 (Mo.App. W.D.1997).

Accordingly, the judgment of the trial court granting Hospital's motion to dismiss based upon the doctrine of sovereign immunity is affirmed.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.

---

**3.** Here, the record suggests that the sovereign immunity endorsement was attached to the insurance policy at the time of the policy's issuance, rather than subsequent thereto. Thus, we do not reach the issue of whether such a subsequent endorsement could have operated to negate a waiver of sovereign immunity that had already occurred.