**Donald AMICK, Appellant,**

v.

**PATTONVILLE–BRIDGETON TERRACE FIRE PROTECTION DISTRICT, Respondent.**

**No. SC 84677.**

Supreme Court of Missouri,
En Banc.

Dec. 24, 2002.

David O. Kreuter, Kreuter & Gordon, P.C., Clayton, for appellant.

Daniel J. Bruntrager, St. Louis, for respondent.

PER CURIAM.

Donald Amick, an employee of the Pattonville–Bridgeton Terrace fire protection district, filed for workers' compensation. The fire protection district later terminated his employment. Amick sued, claiming retaliation in violation of section 287.270.[1] The circuit court dismissed, holding that sovereign immunity was not waived by the district's purchase of insurance under section 537.610. This Court transferred the case after opinion by the court of appeals. *Mo. Const. article V, section 10.* Reversed and remanded.

---

[1] All statutory references are to RSMo 2000.

The parties agree that the district is protected by sovereign immunity. *Light v. Lang,* 539 S.W.2d 795, 800 (Mo.App.1976); *see Richardson v. City of Hannibal,* 330 Mo. 398, 405–406, 50 S.W.2d 648, 650 (banc 1932). The issue on appeal is whether immunity is waived by the purchase of insurance covering the acts in question. Under section 537.610.1:

> The . . . governing body of each political subdivision of this state . . . may purchase liability insurance for tort claims, made against the . . . political subdivision. . . . Sovereign immunity for . . . political subdivisions is *waived* only to the maximum amount of and *only for the purposes covered by such policy of insurance* purchased pursuant to the provisions of this section. . . .

(Emphasis added).

Amick contends that the district has insurance that covers his claim. The district's Management Liability Coverage (MLC) provides:

SECTION I—COVERAGES

INSURING AGREEMENTS

Coverage A—Liability for Monetary Damages

> 1. We will pay those sums that the insured becomes legally obligated to pay as monetary damages because of a "wrongful act" to which this insurance applies. . . .

The MLC policy defines "wrongful act" as an "actual or alleged act, error or omission by or on behalf of you in the performance of your operations."

Such broad language encompasses a retaliatory discharge claim. Amick's claim falls under "the purposes covered by [the MLC] policy of insurance." *State ex rel.*

*Cass Medical Center v. Mason,* 796 S.W.2d 621, 623 (Mo. banc 1990).

In *State ex rel. Ripley County v. Garrett,* 18 S.W.3d 504, 504–08 (Mo.App.2000), the policy had an endorsement stating:

> This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

> The purpose of this insurance does not include coverage for any liability or suit for damages which is barred by the doctrines of sovereign or governmental immunity by whatever name, as set forth in RS MO 537.600. et. seq;

> This policy is not intended to act as a waiver, nor is it a waiver of any defense ... available to the Insured by statute or at common-law;

\* \* \*

> All other terms and conditions remain unchanged.

The court of appeals correctly determined that this endorsement preserved sovereign immunity under section 537.610.1. *Id.* at 509. In this case, the policy has no similar endorsement or other statement.

As an alternative holding, *Garrett* decides that purchase of insurance without the endorsement would preserve sovereign immunity because the policy covers only acts that the subdivision is "legally obligated" to pay. This holding misreads the language of section 537.610.1 that waives sovereign immunity for "the purposes" covered by the insurance. To that extent, *Garrett* is overruled. For the same reason and to the same extent *Browning by Browning v. White,* 940 S.W.2d 914, 920 (Mo.App.1997), and *Balderree v. Beeman,* 837 S.W.2d 309, 319 (Mo.App.1992), are overruled.

The parties also dispute whether a policy exclusion for a "willful violation of any statute ... committed by or with the knowledge of the insured" applies in this case. As the trial court ruled on the motion to dismiss by treating it as summary judgment under Rule 55.27(a), the record does not permit a decision on the exclusion, which can be resolved on remand.

The judgment is reversed, and the case is remanded.

All concur.