Sandra HUMMEL, Appellant,

v.

ST. CHARLES CITY R–3 SCHOOL DISTRICT, Respondent.

No. ED 80787.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 3, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2003.

Application for Transfer Denied Sept. 30, 2003.

Leonard Cervantes, Jennifer Suttmoeller (co-counsel), St. Louis, MO, for appellant.

David Kenyon, Ronald Willenbrock (co-counsel), St. Louis, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Judge.

Sandra Hummel appeals the judgment dismissing her retaliatory discharge claim against the St. Charles City R–3 School District on grounds of sovereign immunity. We affirm.

## I. BACKGROUND

Hummel filed a petition alleging that the School District fired her in retaliation for

1. All statutory references are to RSMo 2000.

exercising her rights under the workers' compensation law, a violation of section 287.780 RSMo 2000.[1] The School District answered and then moved to dismiss the petition with prejudice on the grounds that, under section 537.600, *et seq.*, the district was a public entity entitled to sovereign immunity from this suit. Hummel opposed the motion, arguing that the workers' compensation statutes expressly waived sovereign immunity for retaliatory discharge claims thereunder. The trial court agreed with the School District, which cited cases holding that neither the workers' compensation law, section 287.010, *et seq.*, nor the statute extending that law to state employees, section 105.800, *et seq.*, created a waiver of immunity. *See King v. Probate Division, Circuit Court of County of St. Louis, 21st Judicial Circuit*, 958 S.W.2d 92 (Mo.App. E.D.1997); *Krasney v. Curators of University of Missouri*, 765 S.W.2d 646 (Mo. App. W.D.1989). The motion was granted, and the petition was dismissed with prejudice.

Hummel's appeal does not challenge the trial court's conclusion that there is no waiver of sovereign immunity for her claims in the workers' compensation law or related statutes. Instead, she contends that a Supreme Court decision, handed down after the trial court's judgment, recognizes a new basis for asserting waiver of sovereign immunity in this case and requires that we remand the case to allow her to amend her pleadings and assert that waiver.

## II. DISCUSSION

After the judgment, but before resolution of this appeal, our Supreme Court handed down *Amick v. Pattonville–Bridgeton Terrace Fire Protection District*, 91 S.W.3d 603 (Mo. banc 2002). Generally, such intervening judicial decisions

are given retroactive application. *Summers v. Sumners*, 701 S.W.2d 720, 723 (Mo. banc 1985). In certain circumstances, decisions will be applied prospectively only. *Id.* In this case, though, we need not make such a determination because even if *Amick* applied here, as Hummel argues it should, it would not require remand.

■ Sovereign immunity has existed by statute since 1977, with certain exceptions that we construe narrowly. *See* sections 537.600 and 537.610. Under section 537.600.1, sovereign immunity is waived in automobile cases and cases involving injury caused by a dangerous condition of public property. Additionally, section 537.610.1 provides that sovereign immunity can be waived by the purchase of insurance covering the claims at issue:

> ... [E]ach political subdivision of this state ... may purchase liability insurance for tort claims, made against the state or the political subdivision, .... Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.

This section plainly provides an "independent basis for waiving sovereign immunity—a basis cemented in the existence of coverage for the damage or injury at issue under the language of the insurance policy." *State ex rel. Cass Medical Center v. Mason*, 796 S.W.2d 621, 624 (Mo. banc 1990); *see also State ex rel. Board of Trustees of City of North Kansas City Memorial Hospital v. Russell*, 843 S.W.2d 353, 360 (Mo. banc 1992). Whether sovereign immunity is waived in a particular case depends on whether the plaintiff's claim falls within the purposes covered by the defendant's policy. *See Cass Medical Center*, 796 S.W.2d at 623; *see also Russell*, 843 S.W.2d at 360; *see also, e.g., Fields v. Curators of University of Missouri*, 848 S.W.2d 589, 592 (Mo.App. W.D. 1993); *Fantasma v. Kansas City Board of Police Commissioners*, 913 S.W.2d 388, 391 (Mo.App. W.D.1996); *Casey v. Chung*, 989 S.W.2d 592, 593 (Mo.App. E.D.1998).

■ Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity. *Burke v. City of St. Louis*, 349 S.W.2d 930 (Mo. 1961); *see also, e.g., Martin v. City of Washington*, 848 S.W.2d 487, 490–91 (Mo. banc 1993) (discussing pleading requirements for dangerous condition exception in section 537.600). Thus, to penetrate a claim of immunity under section 537.610.1, a plaintiff is required to demonstrate the existence of insurance and that it covered the plaintiff's claim. *Brennan By and Through Brennan v. Curators of the University of Missouri*, 942 S.W.2d 432, 436 (Mo.App. W.D.1997).

■ Hummel did not meet her burden in this case. She attempted to meet her burden of proving an exception to sovereign immunity by relying on an alleged waiver thereof in the workers' compensation statutes, and not on the insurance waiver—even though there was authority at that time, as shown above, for Hummel to have asserted the insurance waiver under section 537.610.1. Nothing in the Supreme Court's decision in *Amick* would require us to remand this case to allow Hummel a "second bite" at pleading that waiver. In that case, a fire protection district employee claimed that she had been fired in retaliation for filing a compensation claim. 91 S.W.3d at 604. The district moved to dismiss on grounds of

sovereign immunity, claiming that it had no insurance covering the act. *Id.* The trial court admitted the district's insurance policy into evidence, but found that it did not waive sovereign immunity and granted the motion. The Supreme Court disagreed and found that the retaliatory discharge claim fell within the purposes of the policy and thereby waived sovereign immunity under section 537.610. *Id.* at 605.

*Amick* was simply one application of the insurance waiver to a particular claim. With or without that opinion, Hummel had the burden of proving an exception to sovereign immunity. To prove the waiver in section 537.610, she was required to show the existence of applicable insurance. Hummel's requests to put before this Court the School District's policy she obtained *after* the trial court's judgment have been repeatedly denied. The failure to raise this issue at the proper time cannot be attributed to the fact that *Amick* had not yet been handed down, and *Amick* does not require us to remand the case so that Hummel can raise the issue now.[2]

As a result of her failure to demonstrate an exception to sovereign immunity, Hummel's petition was properly dismissed. Hummel's point on appeal must be denied.

## III. CONCLUSION

The judgment is affirmed.[3]

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.

---

**2.** At oral argument, counsel for the School District accused this Court of following two different sets of rules, one for plaintiffs and one for defendants. Dismissal of the plaintiff's petition in this case was correct under the law that we apply to plaintiffs and defendants equally. We expect that, in the future, counsel will present only the position of his client and refrain from attempting to obtain favorable results from this Court with inappropriate argument.

**3.** The School District's motion to strike Hummel's brief and for sanctions for a frivolous appeal is denied.