STATE of Missouri, Respondent,

v.

Michael J. HANWAY, Appellant.

No. WD 54547.

Missouri Court of Appeals, Western District.

June 30, 1998.

William E. Erdrich, St. Joseph, for appellant.

Laura B. Donaldson, Asst. Pros. Atty., Buchanan County, St. Joseph, for respondent.

Before HANNA, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

Mr. Hanway raises two issues on appeal of his conviction by a jury of one count of driving while intoxicated in violation of Section 577.010, RSMo 1994. First, he asserts that the trial court should have excluded the testimony of an emergency room technician entirely once the court determined that proper procedures for the blood test were not followed, rather than permitting her to testify as to her personal observation that the defendant appeared to be intoxicated at the time he came into the emergency room. He argues that this result is called for both because the State failed to lay an adequate foundation for her testimony, and because the State failed to give him notice that it would call the witness for this purpose. Because defendant failed to raise these issues in his motion for new trial, we review them for plain error only. We find that the trial court did not commit plain error in admitting the testimony, because an adequate foundation was provided for her testimony, and because

the state adequately met its obligation to identify her as a witness.

Second, defendant argues that the trial court erred in permitting the arresting officer to testify that he gave a preliminary portable breath test to defendant, and that based on that test, other sobriety tests and his own observations, the officer believed he had probable cause to arrest defendant for driving while intoxicated. Defendant is correct that this was error because Section 577.020 permits introduction of the results of such a preliminary breath test as evidence of probable cause only if the test was administered by a member of the state highway patrol. That was not the case here. Because there was substantial other evidence of intoxication, however, we do not find this error requires a new trial. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Hanway was stopped by St. Joseph Police Officer Arn at 1:39 a.m. on November 4, 1995, after the officer observed Mr. Hanway's vehicle swerve twice, once so severely that it left the roadway. The officer noted that Mr. Hanway smelled of alcohol and had red, bloodshot, watery eyes and dilated pupils. He had trouble with his balance when getting out of the car, stumbled when he walked, and had slurred speech. Officer Arn asked Mr. Hanway to undertake some field sobriety tests. He failed each test. Officer Arn also administered a preliminary breath test to Mr. Hanway, and at the conclusion of the testing arrested Mr. Hanway for driving while intoxicated. Mr. Hanway was brought to the emergency room to have his blood tested. The person who performed the test was Andrea Riley, an emergency room technician. The court granted Mr. Hanway's motion to suppress the results of this test. The motion alleged proper sterile procedures were not followed.

Mr. Hanway's case was tried to a jury beginning on April 17, 1997. The arresting officer testified to his conduct and observations of the defendant. He also testified that he had performed a breath test and then had arrested the defendant, but did not testify to the results of the test. The results of the blood test were also excluded. However, the state did present the testimony of Ms. Riley as to her personal observations of Mr. Hanway while he was in the emergency room. She testified he smelled strongly of alcohol, was tired, and had slurred speech, and that based on her observations of him she believed him to be intoxicated.

The jury recommended no imprisonment but that a fine be imposed by the court. The court imposed a fine of $500. Defendant filed a motion for new trial addressed solely to the issue whether it was error to allow Officer Arn to testify that he had given a preliminary breath test to Mr. Hanway. The motion did not include a claim of error by the trial court in admitting Andrea Riley's testimony regarding her observations of Mr. Hanway while he was in the emergency room. This appeal followed.

## II. ADMISSION OF TESTIMONY OF EMERGENCY ROOM TECHNICIAN

Mr. Hanway first complains about admission of the testimony of Andrea Riley. As noted, Ms. Riley drew blood from Mr. Hanway while he was at the hospital. She was listed as a witness by the prosecution. In response to a motion to suppress, the court found proper procedures had not been followed in testing Mr. Hanway's blood and that Ms. Riley was therefore prohibited from testifying about the results of the blood tests. The state nonetheless called Ms. Riley as a witness, and asked her to testify to her observations of the defendant while he was in the emergency room. Defendant objected that the State had not told him Ms. Riley would be a witness on issues other than her testing of Mr. Hanway's blood. The prosecutor replied that Rule 25.03 only requires the state to identify witnesses and produce written statements and memoranda about oral statements, and he had no statements which fell within the parameters of this Rule. The court overruled the objection and permitted Ms. Riley to testify.

Ms. Riley testified that at the time she saw Mr. Hanway she had been working at the Heartland Hospital Emergency Room for more than five months, and that she had seen approximately ten intoxicated persons per week in the emergency room since she was employed there. She recalled seeing Mr. Hanway in the laboratory in the back of the emergency room. She said she could smell alcohol on him when he was five to ten feet away from her, and that he appeared tired and slurred his speech a little. Defense counsel's objection that Ms. Riley had an inadequate basis on which to give an opinion on intoxication was overruled. Ms. Riley said that, based on her observations and the smell emanating from Mr. Hanway, she believed him to be intoxicated.

Defendant now argues that the trial court erred in admitting Ms. Riley's testimony because the state violated Rule 25.03(A)(1) in failing to give defendant notice prior to trial that Ms. Riley would testify to her observations of Mr. Hanway, and that she failed to offer an adequate foundation for her opinion that he appeared to be intoxicated.

■ Because defendant failed to raise these claims of error in his motion for new trial, we review only for plain error. *State v. Gray,* 887 S.W.2d 369, 387 (Mo. banc 1994), *cert. denied,* 514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995). Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20.

■ To be entitled to relief under the plain error rule, the defendant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice would occur if the error is not corrected. *State v. Silvey,* 894 S.W.2d 662, 671 (Mo. banc 1995). Manifest injustice depends on the facts and circumstances of the particular case, and the defendant bears the burden of establishing manifest injustice amounting to plain error. *State v. Zindel,* 918 S.W.2d 239, 241 (Mo. banc 1996). The

assertion of plain error places a much greater burden on a defendant than if the defendant had preserved the issue at trial. *State v. Bradshaw,* 845 S.W.2d 143, 144 (Mo.App. 1993).

■ The trial court did not commit plain error here. The state must disclose, upon written request:

> the names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements.

Rule 25.03(A)(1). Here, the prosecutor said that he had no written statements from Ms. Riley, and he had only talked to her about her testimony that morning. He had no existing memoranda or recorded statement of her testimony. He had listed Ms. Riley as a witness. The trial court did not err in permitting Ms. Riley to testify.

■ We also reject defendant's contention that the court plainly erred in finding that Ms. Riley offered a sufficient foundation for her testimony. As stated in *State v. Edmonds,* 468 S.W.2d 685 (Mo.App.1971), "Normally, where the witness is testifying that the person involved was intoxicated the opinion must be preceded or at least supported by the evidentiary facts of conduct or appearance upon which the witness bases his opinion." *Id.* at 688. We disagree with defendant that Ms. Riley did not give an adequately detailed account of her experience observing intoxicated persons in order to show she had sufficient experience to determine Mr. Hanway's intoxication. Ms. Riley was not testifying as an expert. She was simply testifying to her observations of Mr. Hanway and as to whether, as a lay person, she believed him to be intoxicated. She testified that she observed him walking, smelled alcohol on him and listened to his speech. She testified to her experience observing intoxicated persons in the past five months.

In *State v. Barrett,* 744 S.W.2d 856 (Mo. App.1988), defendant similarly argued that a

police officer did not have an adequate foundation to testify that defendant appeared intoxicated, where the evidence showed that the witness had been a police officer only a little more than five months and had been involved in five or six arrests for driving while intoxicated. The court characterized the claim of lack of adequate foundation as frivolous, stating:

> Even a lay witness may give an opinion on the intoxication of another person if that testimony is preceded by evidence of conduct and appearance observed by the witness to support the opinion. [citations omitted]. Officer Poland's professional background and his observation of the instant circumstances made him more qualified than the average witness to state his opinion on Barrett's intoxication. Defendant's first point has no merit.

*Id.* at 858. That same reasoning applies here. Ms. Riley had an adequate basis on which to found her opinion that Mr. Hanway was intoxicated, and the State was not required to give specific additional notice that she would testify to those observations even though the results of her testing were not admissible. Points I and II are overruled.

### III. IMPROPER ADMISSION OF FACT OF TESTING BY POLICE OFFICER UNDER SECTION 577.021

Mr. Hanway also complains that Officer Arn was permitted to testify, over objection, that he had administered a breathalyzer test to Mr. Hanway, and that based on the results of this and the field sobriety tests about which the officer had already testified, as well as the officer's observations, the officer believed Mr. Hanway to be intoxicated. The state admits that Section 577.021 by its terms only permits a state highway patrol member to administer a pre-arrest chemical test of a person suspected of driving while intoxicated or with an improper blood alcohol content. *See* § 577.021. The state argues, however, that, "it makes no sense to limit the availability of this tool to other law enforcement agencies. Municipal police departments and county sheriffs encounter probable intoxicat-

ed drivers on at least as frequent a basis as the Highway Patrol."

■ We appreciate the State's concerns. Certainly, it would be a useful tool to local police departments and sheriffs if they could administer such tests. However, the legislature has chosen to give this authority only to the highway patrol. This was no oversight; the legislature reenacted and revised the statute in 1996, yet again limited it to highway patrol officers. Moreover, we cannot say that this limitation had no rational basis. The results of breath tests are normally not admissible unless performed by authorized medical personnel in a manner prescribed by statute. The legislature determined to allow the highway patrol to make preliminary tests to aid them in deciding whether there was adequate grounds for arrest, but specifically stated that the results of these tests would not be admissible. This limitation on use of the test likely reflects the concern of the legislature that the tests may be less reliable when not performed by qualified medical personnel. At least in the case of highway patrol members, however, the state can ensure there are uniform levels of training and maintenance of the machines used. The state has no such direct supervisory control over testing by municipal or county officers. This may well have been why the legislature chose not to give the authority to conduct this type of testing to them. Whatever its reasoning, it is clear that the legislature did not grant officers such as Officer Arn the authority to perform such testing in determining whether there is probable cause to arrest. For this reason, we agree that it was error to permit Officer Arn to testify that he had given Mr. Hanway a breath test and that he had arrested him for driving while intoxicated based on all of the tests given.

■ The mere fact that the court erred in allowing Officer Arn to testify about the test does not require a new trial, however. We must also determine whether this evidence was so prejudicial as to require a new trial. As the Supreme Court reaffirmed in *State v. Bell,* 950 S.W.2d 482, 484–486 (Mo. banc

1997), a conviction will be reversed due to admission of improper evidence only if there is a reasonable probability that in the absence of such evidence the verdict would have been different. *State v. Nastasio,* 957 S.W.2d 454, 459 (Mo.App.1997); *State v. Barton* 936 S.W.2d 781, 786 (Mo. banc 1996). This is particularly true where the other evidence of guilt is overwhelming, *see, e.g., Barton,* 936 S.W.2d at 786, or where the improper evidence is not highlighted and is largely cumulative of other evidence properly admitted. *See, e.g., Nastasio,* 957 S.W.2d at 459.

▪ Both of these rationales apply here. Officer Arn did not highlight the breath test; he mentioned it only once when he said he arrested Mr. Hanway based on all of the tests he conducted. He never told the jury the results of the breath test. The fact that Mr. Hanway failed every other field sobriety test, the officer's personal observations that Mr. Hanway smelled of alcohol, had bloodshot, watery eyes, dilated pupils, slurred speech, stumbled when walking and had difficulty getting his balance and getting out of the car, as well as Ms. Riley's observations and opinion that Mr. Hanway was intoxicated, provided substantial other evidence of Mr. Hanway's intoxication. In light of this additional evidence of intoxication, the erroneous admission of the testimony that the officer had performed a preliminary breath test before arresting defendant did not affect the verdict.

Judgment affirmed.

HANNA, P.J., and EDWIN H. SMITH, J., concur.