Zel M. Fischer, Judge,
dissenting.
I respectfully dissent from the principal opinion’s holding that the trial court abused its discretion in excluding the testimony of former Chiefs employees because the trial court’s ruling was not against the logic of the circumstances then before it. In fact, its ruling that the probative value of the proposed testimony was outweighed by the potential prejudicial effect is consistent with its ruling not to allow the petition to be amended to add a claim alleging systematic discrimination.
“The general rule in Missouri is that evidence must be both logically and legally relevant in order to be admissible.” State v. Tisius, 92 S.W.3d 751, 760 (Mo. banc 2002). “Evidence is logically relevant if it tends to make the existence of a material fact more or less probable.” State v. Anderson, 76 S.W.3d 275, 276 (Mo. banc 2002). “Logically relevant evidence is admissible only if legally relevant.” Id. “Legal relevance weighs the probative value of the evidence against its costs — unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness.” Id. “Thus, logically relevant evidence is excluded if its costs outweigh its benefits.” Id.
The principal opinion points out the trial court excluded the former employees’ testimony based on Cox’s failure to plead “pattern and practice” and Cox not being “similarly situated” to the other employees. The principal opinion goes on to explain why Cox should be deemed “similarly situated” for purposes of his claim of age discrimination under the .relevant law. This analysis, however, only addresses logical relevance. That is, whether Cox is similarly situated to the other employees is relevant because it would tend to make the existence of a fact — that Cox was terminated because the Chiefs had a systematic plan to replace older workers — more probable. Whether Cox is similarly situated does not, however, touch upon legal relevance.
While the trial court may have suggested some of the excluded testimony was not logically relevant (e.g., by stating Cox was not similarly situated), more importantly, the trial court expressly ruled the former employees’ testimony was not legally relevant: “In my determination, any probative value of the testimony proposed by the plaintiff from these witnesses would be outweighed by the prejudicial effect it would have upon the jury. In addition, I believe the testimony of these other past employees would only serve to confuse and distract the jury.” Tr. 2075:21-25 (emphasis added). The principal opinion does not persuasively address this independent basis of exclusion of the proposed testimony.
*129 The Trial Court’s Ruling Was Not an Abuse of Discretion Because It Was Not Against the Logic of the Circumstances Then Before It
“A trial court has broad discretion to admit or exclude evidence at trial.” State v. Madorie, 156 S.W.3d 351, 355 (Mo. banc 2005). Reversal is appropriate only when the trial court has clearly abused its discretion. Id. A trial court abuses its discretion when its “ruling is clearly against the logic of the circumstances then before the court and is so unreasonable -and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate com sideration.” In re Care and Treatment of Donaldson, 214 S.W.3d 331, 334 (Mo. banc 2007) (emphasis added).
The circumstances then before the trial court consisted of a petition with no claims based on a theory of systematic discrimination by the Chiefs," but only a claim based on a single act of discrimination directed at Cox individually — his own termination. Particularly significant to' the procedural posture of this case is that, prior to the trial court excluding the former employees’ testimony, Cox had attempted to amend his petition to include claims based on a theory of systematic discrimination by the Chiefs. The trial court had denied him leave to amend and that ruling is not challenged on appeal. The reason the trial court refused to allow Cox to amend his petition to add a “pattern or practice” claim was that Cox failed to present this claim to the Missouri Commission on Human Rights under § 213.075, RSMo 2000. Because Cox presented the Commission only with a claim based on a ■ single act of discrimination, that is the only claim to which' the Commission’s 90-day letter applies, and Cox was not entitled to litigate any other claim. When the parties argued- and the trial court denied Cox’s motion to amend, all understood the importance of the ruling, i.e., that it would severely restrict the breadth of “me too” evidence admissible at trial. Accordingly, when such evidence was offered, the trial court refused to admit it because doing so would, in effect, give Cox the benefit of presenting a claim that he was not legally permitted to plead. By itself, this was a sufficiently reasoned and rational basis for- rejecting the proffered evidence to withstand scrutiny under the applicable — and lenient — abuse of discretion standard.
The principal opinion’s willingness to second-guess the trial court’s evidentiary-decision risks serious harm to the process established in Chapter 213, RSMo; The requirement that an employee who has suffered workplace discrimination present his or her claim.,to the Commission is largely misunderstood and surely mis-served by the principal opinion. The Commission was not created merely to vindicate individual employee’s' rights. It has the power to order .remedies .that have this effect, but that it not its purpose. Instead, the Commission’s purpose is to vindicate the public’s interests in eradicating workplace discrimination. To enable the Commission to fulfill this broader public, purpose, § 213.075 requires all those who have suffered such discrimination to present .their claims to the Commission so that the Commission may determine which claims it will pursue in the public’s interest and which the employees will be able to pursue on their own.
Many times, the Commission’s “right .of first refusal” under § 213.075 (et seg.) runs contrary to the preferences of employees (and their counsel), who would prefer to retain control over their claims. Allowing Cox the evidentiary benefit of a “pattern or practice” claim, even though he did -not allow the Commission to decide whether it wanted to pursue that claim on his behalf, *130 suggests to future claimants they may do the same. Accordingly, even though the principal opinion is- correct that “me too” evidence may be admitted as proof of a single-act claim (and that the trial court might properly have admitted some or all of the “me too” evidence proffered here), the decision by this trial court to exclude what amounted to days and days of such evidence because Cox failed to submit the “pattern and practice” claim to the Commission was not an abuse of discretion. This is particularly true because 'this trial court made an explicit finding that the breadth of the proffered evidence ran an unacceptable risk of confusing the jury regarding the specific act of discrimination fob which the Chiefs were on trial.
Under these- circumstances, it was not clearly against logic for the trial court to exclude evidence tending to show systematic discrimination because it was not lé-gally relevant in this case that involved a single act’ of discrimination. That is, it was not unreasonable and arbitrary for the trial court to have determined the probative value of the former employees’ testimony was. outweighed by the prejudicial effect of confusing the issues (whether there was systematic discrimination versus whether Cox himself was discriminated against) and misleading the' jury with which it ’ could interpret as, essentially, propensity evidence.
Conclusion
■ I agree the testimony excluded was logically relevant, as the principal opinion contends, but that is not dispositive. See Howard v. City of Kansas City, 332 S.W.3d 772, 786 (Mo. banc 2011) (“A court may exclude evidence that may have a prejudicial effect, even though the evidence is logically relevant, when the risk of unfair prejudice outweighs the probative value”). Reasonable minds may differ, but my view after reviewing the record and applying the appropriate standard of review is that the trial court carefully considered its ruling and did not abuse its discretion when it determined that “any probative value of the testimony proposed by the plaintiff from these witnesses would be outweighed by the prejudicial effect .it would have upon the jury. In addition, I believe the testimony of these other past employees would only serve to confuse and distract the jury.” Tr., 2075:21-25 (emphasis added). “If reasonable persons can differ as to the propriety of the trial court’s action, then it cannot be said that the trial court abused its discretion.” In re Care and Treatment of Donaldson, 214 S.W.3d at 334.[1]