

# SUPREME COURT OF MISSOURI
## en banc

DENISE KAPPEL, ET AL.,⁣ )  *Opinion issued May 12, 2020*

                                    Appellants,  )

v.                                        )   No. SC98010

FREDRIC PRATER,                )

                               Respondent.  )

---

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
The Honorable David L. Dowd, Judge

Denise Kappel ("Ms. Kappel") and her husband William (collectively, "the Kappels") sued Fredric Prater ("Dr. Prater") for negligence following a car accident. During trial, the circuit court admitted over the Kappels' objection photographs of the rental car Ms. Kappel was driving at the time of the accident. The jury found Dr. Prater liable for $20,000 in damages. After the verdict was entered, the Kappels filed a Motion for New Trial on Damages, which was overruled. The Kappels now appeal the circuit court's judgment claiming the circuit court erred in admitting these photographs because they were neither logically nor legally relevant. This Court has jurisdiction under article V, section 10 of the Missouri Constitution. Because the circuit court did not abuse its discretion in admitting these photographs, the circuit court's judgment is affirmed.

## Background

While Ms. Kappel was on a business trip in the city of St. Louis, she was involved in a motor vehicle accident with Dr. Prater. Ms. Kappel was at a stop when Dr. Prater drove into her rental car from behind. Ms. Kappel sued Dr. Prater for damages in the St. Louis Circuit Court, and Mr. Kappel joined as a plaintiff for his loss of consortium. At trial, Dr. Prater offered into evidence photographs showing the post-accident damage to the front of his car and the rear of the rental car Ms. Kappel was driving. The circuit court admitted these photographs over the Kappels' objection.[1] The photographs of Ms. Kappel's vehicle were enlargements of small, black-and-white photographs taken by the agency from which Ms. Kappel rented her vehicle. The photographs appear to have been taken in a garage and show the back of her vehicle from three separate angles: straight on, the driver-side rear panel, and the passenger-side rear panel. They are grainy and of relatively low resolution.

At trial, the parties strongly disputed the cause and extent of Ms. Kappel's claimed injuries. Ms. Kappel testified Dr. Prater was traveling at 35 miles per hour when he hit her, but Dr. Prater testified he was traveling only 15 to 20 miles per hour. Ms. Kappel sought medical treatment the day after the collision because she was experiencing pain in her lower back and shoulder. After physical therapy and pain treatment proved ineffective, Ms. Kappel underwent shoulder surgery approximately four years after the collision. Her treating physicians testified that Ms. Kappel's lower back and shoulder

---

[1] The Kappels do not challenge the admissibility of the photographs of Dr. Prater's vehicle in this appeal.

injuries both resulted from the car accident, and the Kappels' other expert testified her shoulder injury and the subsequent surgery were caused by the accident. Dr. Prater offered expert testimony that the shoulder condition that caused Ms. Kappel's pain and eventually led to her surgery was degenerative and did not result from the accident.

The jury found Dr. Prater liable for negligence and awarded $20,000 in damages, far less than the $650,000 the Kappels had sought. The circuit court entered judgment accordingly, and the Kappels appeal.

**Analysis**

This appeal concerns a single issue: whether the circuit court erred in admitting the photographs of Ms. Kappel's rental car into evidence. The Kappels claim the photographs had no logical relevance and that any slight relevance they may have had was outweighed by the photographs' prejudicial effect. Although these photographs are grainy enlargements of small, black-and-white photographs of the rear of Ms. Kappel's rental car, Dr. Prater testified these photographs fairly and accurately depicted the condition of Ms. Kappel's vehicle immediately following the collision. According to the Kappels, the photographs should not have been admitted because their quality was too low and because there was no expert evidence connecting the amount of damage to Ms. Kappel's vehicle to the issue of whether the collision caused the injuries she claimed. In other words, the Kappels contend Dr. Prater could not rely upon photographs to show there was minimal damage to Ms. Kappel's vehicle or to support the inference that this minimal damage undercut her injury claims. Instead, the Kappels claim Dr. Prater had to

3

adduce expert testimony to the effect that the damage shown in the photographs meant Ms. Kappel's injuries could not have resulted from the accident.

"A trial court enjoys considerable discretion in the admission or exclusion of evidence, and, absent clear abuse of discretion, its action will not be grounds for reversal." *Cox v. Kan. City Chiefs Football Club*, 473 S.W.3d 107, 114 (Mo. banc 2015) (quotation marks omitted). A decision to admit or exclude evidence "constitutes an abuse of discretion when it is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.* (quotation marks omitted). And, even if the circuit court abused its discretion in admitting certain evidence, an appellate court will not reverse a judgment unless it believes the circuit court's error "materially affected the merits of the action." *Id.*

Before deciding whether the circuit court abused its discretion in admitting the photographs, it is necessary to address precisely what arguments the Kappels are – and are not – making in this appeal. In the Kappels' principal brief, their Point Relied On asserts – in addition to the claim that the photographs should not have been admitted because they were neither logically nor legally relevant – a claim that the photographs "lacked a foundation," i.e., that the photographs had not been authenticated or identified.[2] Nothing in the argument section of the Kappels' brief develops this claim and, at oral

---

[2]  When speaking of evidence, the term "foundation" can mean all that must be shown for the evidence properly to be admitted, including, but not limited to, authentication or identification, logical relevance, and legal relevance.   In this case, however, it is clear the Kappels' reference to

4

argument in this Court, counsel for the Kappels conceded the photographs' foundation was not at issue in this appeal.[3] Instead, the Kappels' argument on appeal is that the photographs lacked logical or legal relevance. Nonetheless, several of the arguments the Kappels make in support of their conclusion the photographs were not relevant actually are arguments the photographs lacked a foundation. But these two challenges – lack of logical or legal relevance and lack of foundation – are distinct.

A photograph cannot be admitted unless there is evidence authenticating or identifying it. To establish this foundation, "one offering a photograph in evidence must show by extrinsic evidence that the photograph is an accurate and faithful representation of the place, person, or subject it purports to portray." *State ex rel. State Highway Comm'n v. Cone*, 338 S.W.2d 22, 27 (Mo. 1960). This showing can be made with testimony from "any witness who is familiar with the scene, object, or person portrayed and is competent to speak from personal observation" that the photograph shows what it purports to portray. *Id.*

Relevance is a separate determination. Once the party offering the photograph shows that it is what it purports to be, e.g., that it is a fair and accurate representation of "X," the party offering it must also show that "X" is both logically and legally relevant to some issue in the trial. "Evidence is logically relevant if it tends to make the existence

---

"foundation" means only authentication or identification, i.e., a showing that the proffered real or demonstrative evidence is what it purports to be.

[3] In addition to this concession, it is clear the Kappels failed to preserve for appeal any argument they may have had regarding a lack of foundation because they did not assert it in their motion for new trial. *See State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 129 (Mo. banc

5

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or if it tends to corroborate evidence which itself is relevant and bears on the principal issue of the case." *Cox*, 473 S.W.3d at 116 (quotation marks omitted). Logical relevance is "a very low threshold." *State v. Anderson*, 76 S.W.3d 275, 277 (Mo. banc 2002). Once logical relevance is established, "[l]egal relevance weighs the probative value of the evidence against its costs—unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness." *Id.* at 276.

The Kappels argue the photographs offered by Dr. Prater and admitted by the circuit court are irrelevant because those photographs "barely depict anything" and their use by Dr. Prater was not "fair."[4] But the Kappels' argument concerning the quality of the photographs more properly goes to whether those photographs fairly and accurately depict what they purport to depict, i.e., the post-accident condition of Ms. Kappel's car. As such, this argument challenges the authentication or identification of the photographs, i.e., the claim the Kappels failed to preserve and concede they have abandoned, rather than challenging the photographs' logical or legal relevance. Accordingly, the Court will

---

2000) (holding "issue[s] that [were] never presented to or decided by the trial court [are] not preserved for appellate review"); Rule 78.07.

[4] Running throughout much of the Kappels' argument is the suggestion that Dr. Prater's use of the photographs of Ms. Kappel's vehicle was "unfair" because Dr. Prater's counsel first denied having any photographs of that vehicle but – two years later – realized the rental car agency had taken photographs and disclosed them. The circuit court allowed the Kappels' counsel to explain to the jury that the photographs had not been timely produced and that they were low-resolution enlargements of the small black-and-white photographs the agency had taken. The Kappels do not claim in their Point Relied On in this appeal that the circuit court erred in failing to exclude

6

address this argument only to the extent it bears on the Kappels' challenges to the photographs' relevance.

Taking as given that the photographs fairly and accurately portray what they are offered to show (i.e., the condition of Ms. Kappel's vehicle following the accident), this Court holds that the circuit court did not abuse its discretion in admitting those photographs. An abuse of discretion in deciding to admit evidence "occurs when the circuit court's ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *State v. Tisius*, 362 S.W.3d 398, 407 (Mo. banc 2012) (quotation marks omitted). Here, the circuit court determined the condition of Ms. Kappel's vehicle following the accident was logically relevant to the issues of the relative speeds of the two vehicles at the time of the collision and whether the resulting collision caused her claimed injuries. This determination was not against the logic of the circumstances or indicative of a lack of careful consideration because the jury could believe there was some correlation not only between the extent of the damage to Ms. Kappel's vehicle and the speed with which Dr. Prater struck her, but also between the extent of the damage to her vehicle and the injuries she actually sustained in the collision. Expert evidence buttressing (or rebutting) this correlation may have aided the jury, but it cannot be said that – without expert testimony – such a correlation is so far beyond the jury's knowledge and experience that they could make no fair and logical use of the photographs.

---

these photographs as a sanction for a discovery violation or that the explanation counsel was allowed to give to the jury was inadequate or incomplete.

The Kappels argue this Court should follow *DiCosola v. Bowman*, 794 N.E.2d 875 (Ill. App. Ct. 2003), and hold that – absent expert testimony connecting the vehicle damage depicted in post-accident photographs to the plaintiff's injuries – such photographs are not relevant and, therefore, not admissible. But *DiCosola* was expressly overruled on this point in *Peach v. McGovern*, 129 N.E.3d 1249, 1257 (Ill. 2019). There, the Illinois Supreme Court stated:

> In the case at bar, the photos were introduced to determine whether plaintiff was telling the truth about his injuries when there was minor damage to the parties' vehicles: plaintiff's back bumper was dented, and defendant had a bent license plate, and the front bumper was cracked. As set forth above, the essential question in deciding the admissibility of postaccident photographs is whether the jury understands the evidence and can relate the vehicular damage depicted in the pictures to the injury without the aid of an expert. This is an evidentiary question to be resolved by the trial judge.
>
> ….
>
> Regarding credibility, as earlier observed, there was contradictory testimony from plaintiff regarding the nature and speed of the impact…. Plaintiff reported to his doctor that his truck had been rear-ended, estimated the speed of the impact to be about 25 to 30 miles per hour, and informed the police officer that there was minor damage to both vehicles. Plaintiff also testified that his back bumper was dented and four days after the accident his truck was no longer driveable. Defendant testified that she was at a complete stop behind plaintiff's car and rolled into the back of plaintiff's vehicle. The photographs depicted minor physical damage to both vehicles as a result of the accident.
>
> Given these facts, the circuit court could properly have found that the pictures, when considered with other evidence, were relevant to prove the matters at issue were more or less probable. Thus, we cannot say that the court abused its discretion by admitting the photographs without requiring expert testimony.
>
> Additionally, requiring an expert physician or auto reconstruction engineer to testify and explain evidence that is understood by the jurors imposes financial burdens on an already expensive discovery and trial process. Requiring an expert witness when there is no prior accident or preexisting injury forces parties to the task of finding and employing experts instead of

8

simply permitting the jury to apply common sense and experience to evidence relevant to the causation issue in the case. …

Witness testimony about the speed of the vehicles, the force of impact, and the existence or extent of any resulting injuries in an automobile accident does not necessarily require scientific, technical, or other specialized knowledge in order for the trier of fact to understand the evidence and determine a fact in issue.

Juries are entitled to infer that which resides squarely in the center of everyday knowledge, the certainty of proportion, and the resulting recognition that slight force most often results in slight injury and great force most often is accompanied by great injury. Further, nothing prevented plaintiff from offering expert proofs for the purpose of persuading the factfinder to overcome an absence of proportionality between the force of the impact and the cause and severity of the resulting injuries…. Of course, such expert proofs address the weight to be given to photographs of impact, not their admissibility.

Consequently, we find that the photographs were relevant because they had a tendency to make a fact that was of consequence to the determination of the action, the existence and extent of plaintiff's injuries, more probable or less probable than it would be without the evidence and to aid in the determination of credibility of the parties and, thus, admissible. Therefore, we conclude that the circuit court did not abuse its discretion in admitting the postaccident vehicular photographs without requiring expert testimony.

*Id.* at 1260-62 (citations and quotation marks omitted). The Courts finds this reasoning persuasive.

That the photographs were legally relevant is even less in doubt. The logical relevance discussed above is not outweighed by any unfair prejudice to the Kappels, i.e., any danger that the photographs would confuse the issues, mislead the jury, cause undue delay or result in the presentation of needlessly cumulative evidence. Instead, these photographs (and the photographs of Dr. Prater's car, the admissibility of which the Kappels concede in this appeal) could help the jury decide between conflicting experts as to whether and what extent Ms. Kappel's shoulder injury was caused by the collision.

9

If these photographs can be used even in the absence of expert testimony explaining how the minimal damage to Ms. Kappel's vehicle refutes her injury claims, and this Court holds they can be, the Kappels also maintain the photographs lacked logical and legal relevance because they are of such low quality and resolution that they do not show with any clarity whether or how badly damaged Ms. Kappel's vehicle actually was. As noted above, to the extent this challenges the foundation laid for the photographs, i.e., whether they fairly and accurately depict the condition of Ms. Kappel's vehicle after the collision, that argument was not preserved for appeal and affirmatively conceded by Kappels' counsel in this Court.

To the extent this argument challenges the relevance of these photographs, however, the Court rejects this argument because it misperceives the relative roles of the judge and jury. The judge merely determines that the jury may consider the photographs in deciding the disputed issues; it is up to the jury to decide whether and to what extent it finds the photographs persuasive on those issues. The Kappels cross-examined Dr. Prater as to what the photographs did and did not show and were free to argue to the jury in closing that the photographs were inconclusive as to the amount of damage to Ms. Kappel's car and, even if the damage was relatively minor, point out to the jury that there was no evidence her injuries were inconsistent with a collision causing relatively minor damage to the car. In the end, the photographs show what they show, and Dr. Prater's counsel's characterization of them as showing "minimal" damage and the argument that this supported the defense expert's views on causation were well within the bounds of proper closing argument. *See State ex rel. State Highway Comm'n v. Eilers*,

10

406 S.W.2d 567, 570-71 (Mo. 1966) ("These points of differences between what the photograph shows and what is contended to be the actual facts may be made the basis for cross-examination, thus enabling the jury to give proper weight to the evidence."); *Shepard v. Harris*, 329 S.W.2d 1, 11 (Mo. banc 1959) (explaining decisions regarding credibility and weight of admissible evidence are for the jury).

## Conclusion

For the reasons set forth above, the trial court's judgment is affirmed.

 

 

_____
Paul C. Wilson, Judge

All concur.