

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD37640 |
| | ) | |
| v. | ) | **Filed: July 18, 2024** |
| | ) | |
| SHAWN C. HANNA, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Steven A. Privette, Judge

## **AFFIRMED**

In 2003, Ralph Hanna ("Victim") was murdered on his birthday while deer hunting in the woods behind his house. Police began investigating the murder and, during that investigation, Victim's wife and the couple's son, Shawn C. Hanna ("Defendant"), became suspects. Police discovered that Victim's wife had incurred substantial debt in the couple's name and had asked Defendant to kill Victim.

Police arrested Defendant for Victim's murder. While in jail, Defendant sent letters to his sister ("Sister"). In one of the letters, Defendant asked Sister for forgiveness and implied that he deserved punishment.

The case proceeded to jury trial. At trial, the letters were admitted into evidence. The State relied on a handwriting expert to establish the letters were written by Defendant.

Defendant was found guilty of first-degree murder of his father. He appeals his conviction in two points. First, Defendant claims the trial court plainly erred in failing to *sua sponte* strike a juror from the panel because that juror stated she "could not sit in judgment of someone[.]" Next, Defendant claims the trial court "abused its discretion or committed plain error" by allowing the State to present evidence that Defendant did not complete some pages of a handwriting exemplar, because that evidence prejudiced Defendant "by suggesting he refused to complete the pages because he was guilty." Because neither argument facially establishes substantial grounds for believing a manifest injustice resulted, we decline to review for plain error.

## Standard of Review

Defendant concedes he failed to preserve point 1 and requests plain error review under Rule 30.20.[1] In point 2, Defendant argues the trial court "abused its discretion or committed plain error" in allowing the State to

---

[1] All rule references are to Missouri Court Rules (2024).

present evidence that Defendant did not complete an entire handwriting exemplar that Expert used to determine Defendant wrote letters received by Sister because that evidence was "not relevant."

In order to determine the proper standard of review for this claim, we must first determine whether it is preserved for our review. At trial, defense counsel objected to the State presenting evidence that Defendant "refused" to complete a handwriting exemplar because the trial court never ordered Defendant to complete that portion of the exemplar. At no point did defense counsel object that such evidence lacked relevance—the argument he now makes for the first time on appeal. This is a new theory the trial court never had an opportunity to review or rule on. "[A] point is preserved for appellate review only if it is based on the same theory presented at trial." *State v. Rice*, 573 S.W.3d 53, 63 (Mo. banc 2019). Because neither of Defendant's points are preserved, we may review both for plain error only. "Issues not preserved for appeal may be reviewed only for plain error." *State v. Boyd*, 659 S.W.3d 914, 926 (Mo. banc 2023).

"The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014)). We "will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or

3

miscarriage of justice has resulted.'" ***State v. Phillips***, 687 S.W.3d 642, 647 (Mo. banc 2024) (quoting ***Brandolese***, 601 S.W.3d at 526).  Not all prejudicial error is plain error.  ***State v. Mills***, 687 S.W.3d 668, 675 (Mo. banc 2024).  Plain error is an error which is evident, obvious and clear.  ***Id.*** "In the absence of evident, obvious, and clear error, we should not proceed further with our plain error review."  ***State v. Jackson-Kuofie***, 646 S.W.3d 312, 315 (Mo. App. W.D. 2022).  If, however, we find plain error, we then determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.  ***Mills***, 687 S.W.3d at 675.

"[U]nder Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative." ***State v. Marks***, 670 S.W.3d 135, 139 (Mo. App. W.D. 2023) (quoting ***State v. Tillman***, 289 S.W.3d 282, 291 (Mo. App. W.D. 2009)).  "Outcome determinative means that the error more likely than not altered the outcome of the trial."  ***State v. Daniel***, 573 S.W.3d 162, 165 (Mo. App. S.D. 2019).

### *Point 1*

In point 1, Defendant argues the trial court plainly erred in failing to *sua sponte* strike Venireperson 1, who served on the jury, because that juror said she could not "sit in judgment of someone[.]"

### *Background*

During *voir dire*, the State asked the venirepanel:

When you're a juror, one of the most important things you have to do is you have to stand in judgment of somebody.  You've got

4

to decide whether they committed a crime or not. There are some people because of their religious beliefs, or moral beliefs, political beliefs cannot do that. They cannot decide whether somebody is guilty or not of a crime. Is there anybody here that falls into that category that is unable to, because of their belief, ever decide whether somebody is guilty or not of a crime? Please raise your hand.

Venireperson 1 answered, "Given a murder trial, I just -- I don't want to be the one to decide that on somebody. I just --." The State asked, "Okay. I mean, if this was a stealing case or a property theft dispute . . . you could feel comfortable, but given it -- that's a murder case, that's very important? You do not think you could stand in judgment of somebody?" Venireperson 1 answered, "No."

During defense counsel's *voir dire* of the jury, defense counsel asked the panel if any person on the panel knew any other panel members. Venireperson 50 indicated she had served in Venireperson 1's home as a hospice nurse for a relative of Venireperson 1. Defense counsel then inquired into Venireperson 1's ability to "stand firm in [her] disagreement" with Venireperson 50 if the two of them served on the same jury and the two disagreed. Venireperson 1 responded, "I'd be able to stand on my own." Neither defense counsel nor the prosecutor moved to strike this juror for cause and Venireperson 1 served on the jury. The jury convicted Defendant of murder in the first degree. After the jury returned its verdict, defense counsel asked that the jury be polled. Venireperson 1 affirmed she found Defendant guilty.

5

*Analysis*

Defendant's claim fails to facially establish substantial grounds for believing a manifest injustice or a miscarriage of justice has resulted. Defendant argues the beliefs of Venireperson 1 "would suggest she would merely vote with the majority to eschew her responsibility for judging [Defendant]," but nothing in the record before this Court establishes Venireperson 1 actually did eschew her responsibility of judging Defendant. To the contrary, the record shows Venireperson 1 said she could "stand on [her] own" in assessing the evidence and did, in fact, "stand in judgment" of Defendant by finding him guilty. When polled, she affirmed she found Defendant guilty. Defendant's argument that the venireperson's comment "suggest[s] she would merely vote with the majority" is just that—a mere suggestion. It is not *substantial* grounds for believing that a manifest injustice or a miscarriage of justice has resulted. "Under plain error review, the defendant still bears the burden of establishing manifest injustice if an unqualified juror serves on a jury." **Brandolese**, 601 S.W.3d at 530. Defendant does not meet this burden.

Nor is Defendant's claimed error "evident, obvious, and clear error." "This Court has repeatedly rejected claims that a circuit court committed plain error by failing to strike a venire member for cause." **State v. Pike**, 614 S.W.3d 651, 657 (Mo. App. W.D. 2021). A trial court is under no duty to strike a juror on its own motion. **State v. Baumruk**, 280 S.W.3d 600, 616

6

(Mo. banc 2009). "Where the trial court is under no duty to strike a venire member on its own motion, there is no evident, obvious, or clear error, and therefore no plain error." *State v. Skinner*, 494 S.W.3d 591, 594 (Mo. App. W.D. 2016).

Because Defendant has failed to meet the threshold requirement of facially establishing substantial grounds for believing a manifest injustice has resulted, we decline to exercise our discretion to grant plain error review. *See* **Brandolese**, 601 S.W.3d at 530 (declining to apply plain-error review to an unpreserved claim alleging that the trial court plainly erred in failing to sustain defendant's challenge to strike a juror for cause). Point 1 is denied.

### *Point 2*

In point 2, Defendant argues the trial court plainly erred in allowing the State to present evidence that Defendant failed to complete the entire handwriting exemplar Expert used to determine if Defendant wrote letters received by Sister because that evidence was not relevant. Defendant argues that evidence created "the risk that the jury would improperly impute 'consciousness of guilt' to [Defendant's] refusal to complete the booklet[.]"

### *Background*

While Defendant was in jail, Sister received several letters from Defendant. In one of the letters, Defendant wrote:

> I don't think you'll ever know how sorry I am, cause you'll probably never see me again after I go to trial. I just wanted to write you this letter to tell you how sorry I am, and maybe you could keep this letter and look back on it to remember me.

7

. . .

    I wish you could really understand how sorry I am. And maybe someday you will honestly and truly forgive me.

. . .

    Hopefully, I'll get out first so I can live a little before I get my punishment, which I understand I deserve. Don't tell [my girlfriend] anything. I haven't told her yet.

A handwriting expert ("Expert") testified the letters sent to Sister matched Defendant's handwriting. Expert formed this conclusion by comparing the handwriting in the letters to a handwriting exemplar the trial court ordered Defendant to produce. The State asked Expert whether Defendant filled out all the pages Expert had requested as part of Defendant's handwriting sample. Expert answered, "Not all of them, but -- but enough." The State then asked why Defendant didn't fill out the entire form. Defense counsel objected that the letters Defendant was asked to copy were not part of the court's order, "because that would be testimonial in nature." Defense counsel further explained:

> The form didn't get filled out completely because [Defendant] didn't rewrite these letters that were ordered. [Expert] has previously referenced that as refusing to fill it out. [Defendant] did not refuse to. He was not ordered to. So I think any testimony along those lines need to -- needs to address that; not that his attorney told him not to, but that he was not ordered to fill it out.

The court responded to defense counsel's objection by informing him his concern was something he could address on cross-examination.

The State then revisited the question of whether Defendant completed the entire handwriting exemplar he was requested to complete. Expert

8

answered no. The State then inquired into why the exemplar was not completed, and Expert replied:

> It's about a 15-page booklet, and it's, basically, just to fill in the blanks, you know, duplicating parts or all of the 26 letters of the alphabet in printed form and in cursive form. And -- and I -- if I remember, I was just looking, I think he completed at least nine pages of the -- of the requested exemplars. And at that point he said, "That's it. I'm not giving you any more."

On cross-examination, defense counsel asked Expert if Defendant's attorney instructed Defendant to not complete the exemplar. Expert testified Defendant's attorney did not tell Defendant to stop. Defense counsel asked Expert if Defendant stated he was finished providing a handwriting sample where the exemplar included portions of the letter received by Sister, and Expert testified that was correct. Defense counsel asked Expert if he was aware of a court order pertaining to the portion of the exemplar Defendant did not complete. Expert answered he was aware of a court order. Defense counsel then concluded his cross-examination.

In closing argument, defense counsel argued the actual author of the letters received by Sister was unknown. However, defense counsel later argued the State was asking the jury to convict Defendant based on a letter where Defendant stated "he was sorry for what he did and he deserved punishment." Defense counsel argued Defendant's statement in the letter was not an admission that he killed Victim.

9

*Analysis*

Once again, Defendant's claim does not facially establish substantial grounds for believing a manifest injustice occurred. It was not "evident, obvious and clear error" for the trial court to admit Expert's testimony explaining why he based his opinion on only a portion of the handwriting exemplar Expert asked Defendant to complete. "[A]n expert's opinion must be based on facts and data which give the opinion sufficient probative force to render it substantial evidence." **State v. Mosley**, 526 S.W.3d 361, 366 (Mo. App. E.D. 2017) (quoting **State v. Pettit**, 976 S.W.2d 585, 590 (Mo. App. W.D. 1998)). "[T]estimony is reliable if it is 'based on sufficient facts or data, reliable principles and methods and reliable application thereof.'" **Gebhardt v. American Honda Motor Co., Inc.**, 627 S.W.3d 37, 44 (Mo. App. W.D. 2021) (quoting **Jones v. City of Kansas City**, 569 S.W.3d 42, 53 (Mo. App. W.D. 2019)). Expert's testimony as to how he formed his opinion that the letters to Sister were written by Defendant, which necessarily included why Expert did not base that opinion on the complete handwriting exemplar, was relevant to the issue of whether Expert's opinion was reliable.[2] Defendant

---

[2] Admissibility requires relevance. The general rule in Missouri is that relevance is two-tier: logical and legal. *State v. Smith,* 32 S.W.3d 532, 546 (Mo. banc 2000); *State v. Sladek,* 835 S.W.2d 308, 314 (Mo. banc 1992) (Thomas, J., concurring). Evidence is logically relevant if it tends to make the existence of a material fact more or less probable. *Smith,* 32 S.W.3d at 546. Logically relevant evidence is admissible only if legally relevant. Legal relevance weighs the probative value of the evidence against its costs—unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness. *Sladek,* 835 S.W.2d at 314. Thus, logically relevant evidence is excluded if its costs outweigh its benefits.

does not meet his burden of facially establishing substantial grounds for believing a manifest injustice or miscarriage of justice occurred. We decline to review for plain error.

But even if we did review for plain error, Defendant's claim would fail because he does not demonstrate outcome determinative error.[3] "When, as here, the alleged error involves erroneously admitted evidence, an appellant establishes outcome-determinative error by showing that the 'erroneously admitted evidence so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence.'" *State v. Stevens*, 684 S.W.3d 379, 383 (Mo. App. E.D. 2024) (quoting *State v. Black*, 524 S.W.3d 594, 601 (Mo. App. S.D. 2017)). Defendant fails to make this showing. The evidence of Defendant's guilt was overwhelming, so it is unlikely his claimed error altered the outcome of the trial. This evidence included:

- Defendant's girlfriend testifying Defendant told her his mother asked him to kill Victim;

- Defendant's mother paying approximately $1,100 for Defendant's four-wheeler to be repaired at around the same time she asked Defendant to kill Victim;

---

*State v. Anderson*, 76 S.W.3d 275, 276 (Mo. banc 2002).

[3] As stated in our standard of review, we should not proceed further with our plain error review in the absence of evident, obvious, and clear error. *See Jackson-Kuofie*, 646 S.W.3d at 315.

11

- Defendant's friend overhearing Defendant's mother telling Defendant either he was going to kill Victim or she would find someone else who would;

- Defendant's car being parked a mile down the road from Victim's house the morning Victim was killed;

- Defendant and his mother being seen together shortly after the shooting, and before Defendant's mother reported the shooting;

- Defendant failing to inform law enforcement about a motel room he rented that contained a firearm;

- Defendant encouraging his girlfriend and another friend to change their statements to the police; and

- Defendant telling his girlfriend he could not tell her mother what really happened.

Point 2 is denied.

## Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. –CONCURS